Bernard S. Meyer, J.
Plaintiff school board sues to enjoin defendant teachers association from issuing news releases or making public statements in violation of the agreement between them, for judgment requiring that the grievance and other procedures provided for in the agreement be used, and for damages. By the instant motions the school board seeks a temporary restraining order and the teachers association cross-moves to dismiss the complaint. The motion is denied and the cross motion is granted and, since the complaint is dismissed on the law, leave to replead, though requested, is not granted.
Controlling is the decision of the Court of Appeals in Matter of Tepedino v. Dumpson (24 N Y 2d 705), which annulled a determination of the New York City Commissioner of Welfare suspending social workers who had written a letter critical of department procedures. Though the Commissioner conceded that his determination should be annulled, he urged that the matter be remanded so that he could consider whether the letter violated the grievance procedures mandated by the department. Denying the request, the court noted that “ The procedure * * * simply establishes machinery in the Department for dealing with individual problems of employees. The plan of this ■so-called ‘ grievance procedure ’ is not unlike those found in private collective bargaining agreements which are neither designed nor intended to deal with such broad issues as those raised in petitioners’ letter ” (emphasis in original).
While article III of the agreement between plaintiff and defendant has as its purpose the establishment of “ a more harmonious and co-operative relationship between teachers, administrators and members of the Board of Education”, it grants the right to present a 1 ‘ grievance ’ ’ only to an “ individual ’ ’ and defines ‘ ‘ grievance ’ ’ to mean ‘ ‘ a complaint concering the violation, application or interpretation of a stated specific provision of this agreement as to a mattter expressly covered by this agreement ”. The association is given the right to represent a teacher, with his consent, at all stages of the grievance procedure, and, if the teacher does not consent, to present its views in writing after being informed of the nature *337 of the grievance, but is given no right to present grievances on its own. The difficulty which gives rise to this lawsuit stems from the sending by the association of telegrams to the Superintendent, the High School Principal, and the members of the Board of Education, demanding of each his resignation “ for full and sufficient reasons known to you. ” So far as those reasons are revealed in the papers filed on this motion, they do not concern the violation, application or interpretation of a stated specific provision of the agreement. In making that statement, the court has not overlooked the provisions of article XI calling for the formation of a District Advisory Committee. While some of the issues which appear to underlie the dispute between the parties could properly be considered by the District Advisory Committee, no provision of the agreement makes presentation of any issue to the committee mandatory. Since this action is against the association, rather than any individual, and encompasses broad issues not within the grievance procedure established by the agreement, it is unnecessary to consider the effect of article IV preserving to the teachers ‘' full rights of citizenship ”, or to determine whether the grievance procedure established by the agreement constitutes the sort of ‘ ‘ narrowly drawn grievance procedures ’ ’ which the Supreme Court suggested (in Pickering v. Board of Educ., 391 U. S. 563, 572, n. 4) school employees may be required to follow prior to “bringing their complaints before the public” (see Matter of Tepedino v. Dumpson, supra, p. 709, n. 2).
Were the complaint not being dismissed, the court would in any event deny the request for a preliminary injunction. To be emphasized is the fact that this action concerns neither the question whether defendant’s action can be deemed so reckless as to constitute a defamation within the narrow confines of New York Times Co. v. Sullivan (376 U. S. 254) and its progeny, nor whether it can be the predicate for dismissal proceedings as in Matter of Tepedmo v. Dumpson (24 N Y 2d 705, supra) or Pickering v. Board of Educ. (391 H. S. 563, supra), but the even more narrowly limited question whether the court should enjoin speech pending trial. Stated differently, the issue on the present motion is not subsequent punishment but prior restraint. It has, however, long been recognized that prior restraint, executive, legislative or judicial, is impermissible ‘' with but the narrowest exceptions ” (Matter of Rockwell v. Morris, 12 A D 2d 272, 279, affd. 10 N Y 2d 721, cert. den. 368 U. S. 913) in which immediate and irreparable injury is clearly shown (ibid.; Near v. Minnesota, 283 U. S. 697; Kunz v. New York, 340 U. S. 290; Congress of Racial Equality v. Douglas, 318 F. 2d 95, cert. den. 375 U. S. *338 829 [a preliminary injunction case]; see Carroll v. Princess Anne, 393 U. S. 175; 1 Emerson, Haber & Dorsen, Political and Civil Bights in the United States, 582-596; Emerson, Doctrine of Prior Bestraint, 20 L. & C. P. 648). The affidavits and exhibits in the instant case do not make out a case of the extraordinary nature necessary for the issuance of the preliminary injunction requested (see Joseph Burstyn, Inc. v. Wilson, 343 U. S. 495, 504).